1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PEGGY A. EL AKIL,<br><br>         Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No. 3:16-cv-05108-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

   Plaintiff has brought this matter for judicial review of defendant's denial of supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

FACTUAL AND PROCEDURAL HISTORY

On July 2, 2012, plaintiff filed an application for SSI, alleging disability as of October 15, 1983. *See* Dkt. 7, Administrative Record ("AR") 10. The application was denied upon initial administrative review on October 24, 2012, and on reconsideration on April 5, 2013. *See id.* A hearing was held before an administrative law judge ("ALJ") on August 5, 2014, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 10.

In a decision dated October 3, 2014, the ALJ determined plaintiff to be not disabled. *See* AR 10-20. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 8, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. On February 10, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on April 18, 2016. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record, including the opinions of Fred Kemp, Ph.D., Charles Quinci, Ph.D., and Daniel M. Neims, Psy.D.; and (2) in discounting plaintiff's credibility. For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion of Dr. Kemp, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

I.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

---

not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A. <u>Fred Kemp, Ph.D.</u>

Plaintiff challenges the ALJ's finding regarding the medical opinion of Dr. Fred Kemp. Dkt. 9, pp. 3-9. Specifically, the ALJ stated:

> Dr. Kemp felt the claimant had moderate difficulty with sustained concentration and persistence, and moderate difficulty with establishing and maintaining appropriate relationships. Nonetheless, based on the claimant's self-report of inability to maintain regular attendance in the workplace or to complete a normal workday or workweek in the past because of panic attacks and problems with concentration, Dr. Kemp opined the claimant would have similar problems presently, which would effectively preclude her from maintaining consistent, competitive work. Dr. Kemp's opinions are given limited weight as [1] his findings and conclusions appear to be based entirely on the claimant's self-report

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

>rather than objective evidence, and [2] his conclusions appear to be speculative rather than founded on the claimant's treatment history.

AR 17 (numbering added) (citation omitted). Plaintiff argues that these are insufficient reasons for rejecting Dr. Kemp's opinion. The undersigned agrees.

First, the ALJ's primary reason for discrediting Dr. Kemp's opinion is that he found it was based "entirely" on plaintiff's subjective complaints. *See* AR 17. An "ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d at 602 (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ's finding that Dr. Kemp's opinion is based entirely on plaintiff's subjective complaints is not supported by substantial evidence. Rather, Dr. Kemp's opinion appears to have been based, at least in part, on his clinical observations and review of Plaintiff's medical records. *See* AR 251-54. Dr. Kemp evaluated plaintiff on October 6, 2012, and conducted a mental status examination. *See id.* On examination, Dr. Kemp assessed Plaintiff's mood and affect, content of thought, fund of knowledge, memory, concentration, and insight. *See* AR 252-53. In addition, Dr. Kemp reviewed medical records from St. Joseph Medical Center, including examination

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

records from dates of service from June 8, 2011 through January 31, 2012, signed by Marcia Bentley, ARNP. AR 251. Ms. Bentley treated plaintiff for behavior health services and conducted a mental status examination at each visit. *See* AR 245-50. Finally, Dr. Kemp reviewed plaintiff's SSA Function Report. AR 251. Upon examination, Dr. Kemp found that plaintiff presented with "no evidence of malingering or factitious behavior." AR 252. In short, the record does not demonstrate that Dr. Kemp based his opinion more heavily on plaintiff's self-reports than on his clinical findings and review of prior medical records. Thus, the ALJ's conclusion that Dr. Kemp's opinion was based entirely on subjective complaints was not supported by substantial evidence, and therefore was not a valid reason to discredit Dr. Kemp's opinion. *See Bayliss*, 427 F.3d at 1214 n.1.

Second, the ALJ rejected Dr. Kemp's medical opinion because the ALJ determined the "conclusions appear to be speculative rather than founded on the claimant's treatment history." As an initial matter, the ALJ does not explain how the opinion is "speculative." On this basis alone, the ALJ's reason for discounting Dr. Kemp's medical opinion is conclusory and does not justify rejection of Dr. Kemp's medical opinion. *See Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). Regardless, as noted above, Dr. Kemp based his opinion on his mental status examination, prior behavioral health medical records, and plaintiff's self-reports. Thus, the record does support the ALJ's finding that Dr. Kemp's opinion is speculative. Accordingly, none of the ALJ's reasons for rejecting Dr. Kemp's medical opinion are specific and legitimate, supported by substantial evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record, remand for further consideration of these issues—as well as, if necessary, the issue of whether plaintiff is capable of performing her past relevant work or other jobs existing in significant numbers in the national economy[2]—is warranted.

---

[2] If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett,* 180 F.3d at 1098-99; 20 C.F.R. § 416.920(d), (e).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 4th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge